## Case No. 5,313.

### The GENERAL GREENE.

[Blatchf. Pr. Cas. 654.] [1]

Circuit Court, S. D. New York.　July 17, 1863.[2]

PRIZE—ENEMY AND NEUTRAL PROPERTY.

Decree of the district court [Case No. 5,312a] condemning the vessel as enemy property, and restoring the cargo as belonging to neutral owners, affirmed.

NELSON, Circuit Justice.　This vessel was captured, by the Quaker City, off Cape Henry, June 4, 1861.　The vessel belonged to H. Oppenheim, a citizen of South Carolina and a resident of Charleston.　The cargo belonged to neutral owners.　The vessel was condemned and the cargo restored.　The decree below is affirmed.

GENERAL INTEREST INSURANCE CO. (RUGGLES v.).　See Case No. 12,119.

GENERAL ISAAC DAVIS, The (SARCHET v.).　See Case No. 12,357.

## Case No. 5,314.

### The GENERAL JACKSON.

[1 Spr. 554;[3] 17 Law Rep. 324; 32 Hunt, Mer. Mag. 80.]

District Court, D. Massachusetts.　Aug., 1854.

SHIPPING—LIEN FOR SUPPLIES—WAIVER BY DELAY TO ENFORCE.

1. A lien for supplies to a foreign vessel, must, as against bona fide purchasers, be enforced with due diligence.　Generally; it must be soon after the termination of the first voyage.

[Cited in The D. M. French, Case No. 3,938; The Artisan, Id. 567; The Bristol, 11 Fed. 162; The Rapid Transit, Id. 335.]

2. An assignment of his claim by the creditor, is not a waiver of the lien.

[Cited in The Champion, Case No. 2,583; The Sarah J. Weed, Id. 12,350; The R. W. Skillinger, Id. 12,181.]

This was a libel for supplies furnished to the schooner General Jackson, in the port of Boston, at various times, while the vessel was owned by residents and citizens of Maine.　The last item in the libellant's account was for articles furnished September 24, 1852.　It was agreed that the vessel was purchased by the claimant [S. C. Hunt] in May, 1854, of her former owners, in ignorance of the present claim; that said claim had been assigned by the libellant [Isaac Bass] as collateral security for a debt, which debt had been paid, and that the claim now belonged to the libellant. This libel was not filed until after the purchase by the claimant.　It was contended

by the claimant:　(1) That the libellant, after a delay of nearly two years, could not enforce this lien against a bona fide purchaser, without notice; and (2) that the assignment of the claim operated as a waiver of the lien.

Benjamin Pond, for libellant.
H. C. Hutchins, for claimant.

SPRAGUE, District Judge.　In regard to the first point the rule is that the lien shall be enforced within a reasonable time, and what constitutes a reasonable time depends upon the circumstances of each case. It is generally held, that a lien of this character should be enforced as soon as the expiration of the first voyage after supplies or materials furnished, and it is only under peculiar circumstances that the lien is extended beyond such time.　These liens are created for the benefit of commerce.　Foreign vessels being in ports without their owners, or any responsible parties connected with them, often require repairs and supplies.　To enable the master to obtain these this extraordinary lien is given.　It is founded in the necessities of commerce. But it is to be remembered that these liens are secret, and there is no place where other parties may inquire and learn their existence or extent.　Therefore it is fit and proper that they should be promptly enforced and extinguished.

To apply these principles to the present case, it appears that the last item of supplies furnished this vessel was in 1852, about eighteen months before the filing of the libel, and during all that period the vessel was plying between this port and the ports of Maine, as often as once a month, giving the libellant ample opportunity to enforce his claim, had he seen fit, long before the sale of the vessel to the present claimant.　It must therefore be held that the libellant has waived his lien.

As to the second point, the assignment of the claim as security for a debt which had since been paid would not of itself be a waiver of the lien.

Libel dismissed, with costs for the claimant.

## Case No. 5,315.

### The GENERAL KNOX.

[Nowhere reported; opinion not now accessible.]

GENERAL KNOX, The.　See Case No. 2,898.

## Case No. 5,316.

### The GENERAL McCULLOM.

[Affirming Case No. 5,318.　Nowhere reported; opinion not now accessible.]

[1] [Reported by Samuel Blatchford, Esq.]
[2] [Affirming Case No. 5,312a.]
[3] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]